UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN HENDERSON, as Special Administratix of the ESTATE OF GARY W. HENDERSON, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PREROVSKY, ZONE EXPRESS, INC., VISION TRANSPORTATION, INC., CHICAGO TRAILER POOL CORP., TRANSITALL SERVICES, INC., TRANSITALL TRANSPORTATION, INC., TRANSITALL TRANSPORTATION, INC. d/b/a TRANSITALL EXPRESS and TRANSITALL EXPRESS, UNIQUE MOBILE TRAILER REPAIR, INC. & SERVICES, and UNIQUE MOBILE TRAILER REPAIR SERVICES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 1:08-cv-0717-DFH-DML ) ) ) ) ) ) ) ) ) ) |

ENTRY ON MOTION TO DISMISS SOME DEFENDANTS

This case presents questions at the intersection of federal civil procedure and the Indiana Comparative Fault Act.

Shelbyville Police Officer Gary W. Henderson was killed in a tragic and sudden accident on October 10, 2007. He had stopped on the shoulder of Interstate Highway 74 to investigate a report of a stolen vehicle. While Officer Henderson was stopped, two rear wheels came off a passing truck trailer and

struck and killed him. Officer Henderson's widow has filed suit against defendant Michael Prerovsky, who was driving the truck; defendant Zone Express, Inc., which owned the tractor; Chicago Trailer Pool Corp., which owned the trailer; defendant Vision Transportation, which had leased the trailer from Chicago Trailer Pool; and several other entities. Mrs. Henderson reached a settlement with Prerovsky, Zone Express, and Vision Transportation, and plaintiff and those defendants filed a stipulated motion to dismiss. Defendant Chicago Trailer Pool has filed an objection making two points.

First, Chicago Trailer Pool objects to dismissal of Prerovsky, Zone Express, and Vision Transportation to protect its ability to assert a nonparty defense against them at trial. The Indiana Comparative Fault Act defines a "nonparty" for purposes of the act "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind. Code § 34-6-2-88. In *Bloemker v. Detroit Diesel Corp.*, 687 N.E.2d 358 (Ind. 1997), the Indiana Supreme Court addressed the problem of how to apply the nonparty defense in the case of a defendant who has been dismissed. The state court held that one defendant can preserve its right to assert a nonparty defense against a dismissed defendant by making a timely objection that asserts an intent to assert a nonparty defense against the dismissed defendant. In this case, Chicago Trailer Pool has properly preserved its right to assert nonparty defenses with respect to Prerovsky, Zone Express, and Vision Transportation, but that objection will not preclude their dismissal.

Second, Chicago Trailer Pool points out that it used Federal Rules of Civil Procedure 33 and 34 to serve interrogatories and requests for production on Prerovsky, Zone Express, and Vision Transportation approximately three weeks before those defendants filed their stipulated motion to dismiss. Chicago Trailer wants to be able to use those discovery techniques (available only against other parties) against Prerovsky, Zone Express, and Vision Transportation. Those defendants object that they would be prejudiced by being subjected to those techniques. They point out that they have paid substantial amounts of money in return for peace. They argue that Chicago Trailer Pool should be relegated to using nonparty discovery techniques, including depositions accompanied by subpoenas duces tecum under Rule 26, Rule 30, and Rule 45.

The parties have not directed the court to any controlling language in the relevant rules or case law. As the court views the issue, Chicago Trailer Pool's requests for production and interrogatories were properly directed to other parties at the time they were served. There are some significant practical and tactical advantages in seeking discovery from a party as opposed to a nonparty. The court understands that these defendants and their insurers have paid to settle the case. But the court sees no reason why an agreement to which Chicago Trailer Pool was not a party – the settlement between the plaintiff and the three other defendants – should impair Chicago Trailer Pool's right to insist on proper and timely responses to those properly served discovery requests. Any future discovery

requests directed to Prerovsky, Zone Express, and Vision Transportation, however, will be limited to the techniques applicable to nonparties.

The court will keep the stipulated motion to dismiss Prerovsky, Zone Express, and Vision Transportation under advisement until the court receives notice that those defendants have responded to Chicago Trailer Pool's January discovery requests. If there are any disputes concerning the adequacy of those responses, the court will continue to treat Prerovsky, Zone Express, and Vision Transportation as parties in this action.

So ordered.

Date: May 11, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-5-

Copies to:

Keith A. Gaston
CRUSER, MITCHELL & GASTON, LLC
kgaston@cmlawfirm.com

Laura Elizabeth Gorman
HUME SMITH GEDDES GREEN & SIMMONS
lgorman@humesmith.com

Edward F. Harney Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

Mark M. Holdridge
HUME SMITH GEDDES GREEN & SIMMONS
mholdridge@humesmith.com

Susan W. Rempert
TABOR LAW FIRM
srempert@taborlawfirm.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Roy T. Tabor
TABOR LAW FIRM
rtabor@taborlawfirm.com